**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| TAO LI, | No.   14-73575 |
| Petitioner, | Agency No. A205-745-927 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 14, 2016[**]

Before:      WALLACE, LEAVY, and FISHER, Circuit Judges.

Tao Li, a native and citizen of China, petitions for review of the Board of

Immigration Appeals' order dismissing his appeal from an immigration judge's

decision denying his application for asylum, withholding of removal, and relief

under the Convention Against Torture ("CAT").  We have jurisdiction under 8

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on omissions in Li's asylum application of the beatings he received from fellow inmates and a police visit to his home in China in April 2013. *See id.* at 1048 (adverse credibility determination reasonable under the totality of the circumstances); *see also Zamanov v. Holder*, 649 F.3d 969, 973-74 (9th Cir. 2011) (material alterations in the applicant's account may provide substantial evidence to support an adverse credibility finding). Thus, in the absence of credible testimony, in this case, Li's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Li's CAT claim also fails because it is based on the same testimony the agency found not credible, and the record does not otherwise compel the conclusion that it is more likely than not that he would be tortured by or with the consent or acquiescence of a public official if he returns to China. *See Shrestha*, 590 F.3d at 1049.

**PETITION FOR REVIEW DENIED.**